UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

NATALIE NOBLES,                                                                                           PLAINTIFF

v.                                                                       CIVIL ACTION NO. 3:09-CV-225-S

GEORGE T. UNDERHILL & ASSOCIATES, LLC,                                                  DEFENDANT

## MEMORANDUM OPINION

Plaintiff Natalie Nobles has moved to remand this case to the Jefferson Circuit Court, and has separately moved (in the alternative) for the court to ratify Robert Keats as Trustee of her Bankruptcy Estate, to substitute him as the plaintiff in this case, and to amend the complaint so as to reflect this substitution. Defendant George T. Underhill & Associates ("Underhill") opposes these motions and has filed its own motion for summary judgment. For the reasons that follow, we will grant the motion to remand and deny the other motions without prejudice so that they may be pursued in the court in which this case belongs.

In 2003 and 2004, Nobles worked for Underhill, cleaning and painting properties the company owned. Nobles was also a tenant in one of the defendant's apartments. Nobles lost her job and apartment, allegedly as a result of racial harassment and retaliation, and in August 2005, she filed a voluntary bankruptcy petition in the Western District of Kentucky. On November 3, 2005, she amended Schedule F attached to that petition to add (*inter alia*) Underhill as an unsecured creditor with a claim for back rent. A copy of that amendment was served on Underhill, thereby providing the defendant with actual notice of the bankruptcy action in which it had an interest. On November 16, 2005, Nobles filed this lawsuit in state court, asserting state-law causes of action related to the harassment and retaliation that she claims to have suffered at Underhill's hands.

Underhill filed a notice of removal, pursuant to 28 U.S.C. §§ 1334(b) and 1452,[1] on March 24, 2009. That date, more than three years after the filing of the verified complaint, is the genesis of the motion at bar, because 28 U.S.C. § 1446(b) imposes a mandatory time limit on petitions for removal to federal court. *See*, *e.g.*, *Somlyo v. J. Lu-Rob Enterprises, Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991). Specifically, § 1446(b) requires that a party seek removal within thirty days of its receipt of either the "initial pleading" or "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Plaintiff argues that the clock began ticking upon the filing of her complaint (undoubtedly an "initial pleading"), because Underhill had notice of the bankruptcy proceeding and therefore could immediately have ascertained that the case was removable. Underhill responds that the clock reset when the record in this case revealed that it could be removed, which in its view did not happen until Nobles mentioned the bankruptcy case in her February 26, 2009 deposition.

We agree with the plaintiff. Removal offers the defendant thirty days to determine whether dual jurisdiction exists and to choose whether the case will be heard in state or federal court. The time limit is construed strictly, in order to promote efficiency and limit encroachment on state court jurisdiction. *McCraw v. Lyons*, 863 F. Supp. 430, 433-34 (W.D. Ky. 1994) (*citing Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941)). The defense obviously exceeded the initial thirty days that ran from the initial filing of the verified complaint; removal was only proper if the clock reset with Nobles's deposition. To explain why that did not happen, we begin with the statute's text.

---

[1] Section 1452 allows a party to remove a claim from state court to federal district court if the district court has jurisdiction pursuant to section 1334—which, in turn, confers on the district courts original (but not exclusive) jurisdiction over civil proceedings "arising in or related to" bankruptcy cases under title 11 of the United States Code. The instant case falls within the "related to" portion of the statute because judgment in Nobles's favor would be an asset in which her creditors may have an interest.

Section 1446(b) contains two paragraphs. The second, which the defense invokes to justify removal, is available only "[i]f the case stated by the initial pleading is not removable." But the case was in fact removable from the outset because of the bankruptcy proceeding, and Underhill had at its disposal all the facts that it needed to reach that conclusion all along. We acknowledge that one might read the phrase "the case stated by the initial pleading" to mean that the period for filing begins with the complaint only if it is clear from that document's face that the case is removable, and that the defendant's subjective knowledge is irrelevant. Judge Connor reached that conclusion in *Camden Industries Co. v. Carpenters Local Union No. 1688*, 246 F. Supp. 252, 255 (D.N.H. 1965), holding that "the initial pleading itself is to govern, regardless of knowledge a defendant may have." But that ruling was explicitly rejected by the Sixth Circuit in *Holston v. Carolina Freight Carriers Corp.*, 1991 U.S. App. LEXIS 14129, at *12 (6th Cir. June 26, 1991) (unpublished). Indeed, *Holston* went so far as to hold that "§ 1446(b) starts the thirty-day period running from the date that a defendant has solid and unambiguous information that the case is removable, even if that information is solely within its own possession." *Id.* at *7. While *Holston* is unpublished and therefore not controlling,[2] it has been followed by at least one other court in this circuit. *See Bragg v. Kentucky RSA #9-10, Inc.*, 126 F. Supp. 2d 448, 449-50 (E.D. Ky. 2001). We too find its purpose-based reasoning persuasive. Because the federal courts endeavor to avoid undue encroachment into state-court jurisdiction, any ambiguity in a removal statute must be resolved in favor of remand. *Holson*, 1991 U.S. App. LEXIS 14129, at *7-8 (citing *Shamrock Oil*, 313 U.S. at 108-09 (1941);

---

[2] Strictly speaking *Holston* also applies the second paragraph § 1446(b) rather than the first, but its central holding is nonetheless applicable here. The rule in *Holston* is that, to remove a petition that was not initially removable, the defendant must file its petition within thirty days of acquiring knowledge that the case is removable, regardless of the source of the information. But this case was always removable and the defendants always knew it, so the clock started running as soon as there was a case to remove.

*Holly Farms Corp. v. Taylor*, 722 F. Supp. 1152 (D. Del. 1989); *McCurtain County Production Corp. v. Cowett*, 482 F. Supp. 809 (E.D. Okla. 1978)). Accordingly we think the reading offered above is correct.

This conclusion is bolstered by the balance of the second paragraph's language. The crucial prepositional clause describes "an amended pleading, motion, or other paper *from which it may first be ascertained* that" the is case removable (emphasis added). If the defendant could have determined that the case was removable at any time prior to the filing of the paper on which it bases its claim to a new thirty-day clock, that paper (here, Nobles's deposition) does not fit the statute's description and cannot justify a new time period. In this case, Underhill could have immediately determined that the case was removable, because it knew of the bankruptcy case before this action came about. Thus Nobles's deposition was not the first instant at which removability became ascertainable, and it could not have triggered the statute's second paragraph. The first paragraph therefore controls,[3] and the only pertinent time limit began to run in 2005. Underhill filed its notice of removal several years out of time; remand is therefore required.

In similar cases, other district courts have concluded that the face of the complaint need not contain all the facts necessary to prove federal jurisdiction for the clock to start running. In *Fate v. Buckeye State Mut. Ins. Co.*, 174 F. Supp. 2d 876 (N.D. Ind. 2001) and *McCraw*, *supra*, for instance, the complaints did not state the amount of damages sought. The defendants in both cases declined to seek removal until discovery had uncovered the amount in controversy (in both cases exceeding

---

[3] This conclusion renders *Putterman v. Daveler*, 169 F. Supp. 125 (D. Del. 1958), inapposite. *Putterman* dealt with a situation in which the action was not initially removable. The court held that "other paper" in § 1446(b)'s second paragraph must refer to papers in the court's record. But as we have said, the second paragraph does not apply here because the case was initially removable and Underhill had all the information it needed to ascertain that fact from the outset.

-4-

the threshold for diversity jurisdiction). But, both courts held, the defendants "should have been on notice" that the jurisdictional amount was more likely met than not because of background knowledge about the nature of state tort and punitive damages law. *Fate*, 174 F. Supp. 2d at 880; *McCraw*, 863 F. Supp. at 434 ("nature [of the claims] and the relief demanded should have alerted Defendant . . ."). Similarly, in *Kuhn v. Brunswick Corp.*, the Northern District of Georgia ruled that a plaintiff's failure to state the facts essential to removability on the face of the complaint will not prevent the clock from running if the legal determination is nonetheless "intelligently ascertain[able]." 871 F. Supp. 1444, 1446 (N.D. Ga. 1994). The defendant was a Delaware corporation, and the events out of which the suit arose occurred in Michigan. The complaint nowhere alleged the plaintiff's citizenship, but the court nonetheless concluded that the time limit for removal began to run with the filing of the complaint because the defendant was on notice of the possible existence of diversity jurisdiction. The court concluded that in combination with the defendant's knowledge of its own citizenship and of the situs of the incident, the fact that the complaint was filed in Georgia should have been sufficient to tip the defendant off. *Id.* The court placed the burden on the defendant to investigate an ambiguous or indefinite situation in order to inform itself about the potential removability of the action.

In this case there was never any ambiguity or indefiniteness as to whether the case was removable, and no investigation was necessary on the defendants' part to know that federal court was an option. Nor was discovery (in the form of Nobles's deposition) required for it to discern that fact. The defense had prior knowledge of the bankruptcy action, and knew (or should have known) that the case was removable. Certainly the fact of removability was "intelligently ascertainable" at the time the complaint was filed. *See generally* 14C Charles Allen Wright et al., Federal Practice

and Procedure § 3731, at 562-67 (4th ed. 2009). To allow a defendant to dither for years on end waiting for discovery to finally "reveal" a fact that it already knew would seriously undercut the interests in comity and efficiency that are the reason for having a time limit for removal in the first place. Enough time has already been wasted in dealing with this late removal petition; it appears that a state court trial date has come and gone while this motion languished on our docket. Defendants missed their chance at obtaining a federal forum, and we must remand. A separate order will effectuate this conclusion.

This 15th day of April, 2010.

ENTERED BY ORDER OF COURT:

CHARLES R. SIMPSON III, JUDGE
UNITED STATES DISTRICT COURT
  JEFFREY A. APPERSON, CLERK

By:___/s/ Nadine C. Smith_____
  Deputy Clerk

cc:    Counsel of Record